IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHERRY J. BAILEY, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:20-cv-03204-PX |
| THE TJX COMPANIES, INC., | * | |
| Defendant. | * | |

\*\*\*

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff Sherry J. Bailey ("Bailey")'s motion for reconsideration of the Court's summary judgment decision in favor of Defendant TJX Companies, Inc. ("TJX"). ECF No. 71. Bailey also objects to the review of TJX's Bill of Costs while her reconsideration motion is pending. ECF No. 79. Lastly, Bailey moves to strike TJX's opposition to the motion for reconsideration. ECF No. 81. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Bailey's requested reconsideration and motion to strike is denied, and the request regarding Bill of Costs is denied as moot.

**I.  Background**

The Court has previously discussed the relevant factual background in its prior opinion, ECF No. 69, and so will highlight only those facts relevant to the pending reconsideration motion. TJX had fired Bailey in part for forging her co-worker's signature. Bailey, in turn, filed discrimination and retaliation claims against TJX based on her termination. *Id.* at 4. This Court had granted TJX's motion for summary judgment because no evidence supported that TJX's stated reasons for terminating Bailey were pretextual or retaliatory. *Id.* at 11; ECF No. 70.

Bailey now asks the Court to reconsider that decision.

## II. Analysis

Even though Bailey cites Federal Rule of Civil Procedure 60(b) as the proper vehicle for assessing her reconsideration motion, the motion is rather one brought under Rule 59(e) because Bailey filed it within 28 days of the Court's summary judgment decision. Fed. R. Civ. P. 59(e); ECF Nos. 69, 70 & 71. Under Rule 59(e), the Court may reconsider any final judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).

Bailey styles her motion as one for reconsideration based on "newly discovered evidence." ECF No. 71 at 1. Where the movant seeks relief based on newly discovered evidence, she must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). Indeed, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Fed. Prac. & Proc. § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, §

2810.1, at 124).

Although Bailey maintains that her motion must be granted because of newly discovered evidence, she spills much ink relitigating the sufficiency of the summary judgment record supporting the Court's previous decision.  *See* ECF No. 71 ¶¶ 7–15, 19–21, 30, 32.  Bailey also rehashes similar arguments regarding TJX's discovery failures.  *Id*. ¶¶ 5–6; ECF No. 65 at 2, 7, 16.  The arguments amount to little more than disagreement with the Court's previous decision.  *See Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011).  They do not support reconsideration.

Moreover, the only supposed "new evidence" that Bailey submits is a "copy of the original Associate Record Card."  ECF No. 71-3 at 5; *see also* ECF No. 71 ¶¶ 15–18.  Bailey acknowledges that the card had been produced in discovery, but she now argues that the card somehow shows another employee, not she, committed the forgery.  ECF No. 71 ¶¶ 16–18.  Assuming that such an inference could be drawn from the card, the card is not new evidence and cannot be a basis to grant reconsideration.  *See* ECF No. 68-5 at 12; *Boryan*, 884 F.2d at 771.  With no other grounds to justify relief, the motion must be denied.[1]

Bailey also moves to strike TJX's opposition to her reconsideration motion pursuant to Rule 12(f).  ECF No. 81.  Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, a motion to strike "is a drastic remedy" that is generally disfavored "because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.

---

[1] Bailey also asks the Clerk to take no further action on TJX's Bill of Costs until the resolution of her reconsideration motion.  ECF No. 79.  As a matter of policy, the Clerk does not review Bills of Costs until reconsideration motions are resolved.  *See* Guidelines for Bills of Costs, D. Md., 4 (July 2022), https://www.mdd.uscourts.gov/sites/mdd/files/BillofCostsGuidelines.pdf.  The Clerk has not yet taken any action on the pending Bill of Costs, and now that the reconsideration motion is resolved, Bailey's request to delay action on the Bill of Costs is denied as moot.

3

2001) (internal quotation marks omitted). And here, TJX's response is not redundant, immaterial, or scandalous; it is instead directly responsive to Bailey's motion. Thus, Bailey's request for the extraordinary remedy of striking a pleading is denied.

### III. Conclusion

Bailey's motion for reconsideration fails because the evidence she presents is not newly discovered. Thus, the motion for reconsideration (ECF No. 71) is DENIED, as is the motion to strike TJX's response (ECF No. 81). Bailey's objection to the Bill of Costs (ECF No. 79) is DENIED as moot. A separate Order follows.


<u>January 9, 2024</u>                                  <u>        /s/         </u>
Date                                                            Paula Xinis
                                                                    United States District Judge